UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

ERIC CARTER                                                           PLAINTIFF
ADC #129514

V.                         NO. 1:18CV00076 BSM/JTR

JAMES HUDDLESTON,
Food Production Manager II,
Grimes Unit, *et al.*                                                DEFENDANTS

# ORDER

Several non-dispositive matters are pending in this § 1983 action.

Plaintiff Eric Carter ("Carter") has filed two Motions to Amend his *pro se* Complaint. *Docs. 6 & 14.* In the first Motion, he states that he has identified the previously named "John Doe, Food Production Manager I," as Loman Johnson, the Food Production Manager I on the A shift at the ADC's Grimes Unit ("Johnson"). *Doc. 6.* In the second Motion, he seeks to file an Amended Complaint that is identical to his original Complaint in all respects, except that Loman Johnson is substituted for "John Doe." *See Docs. 2 & 14.* Both of Carter's Motions to Amend, which are unopposed, are GRANTED. *See* Fed. R. Civ. P. 15(a)(1) (a "party may amend its pleading once as a matter of course within … 21 days after serving it") & (a)(2) (in "all other cases, a party may amend its pleading only with the opposing party's

consent or the court's leave," and permission to amend "shall be freely given when justice so requires").

In his Response to Defendant James Huddleston's Motions to Dismiss, Carter includes additional allegations that are relevant to his claims. *Doc. 17*. The Court will construe Carter's Response as another Motion to Amend, which is also GRANTED. *See Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992) ("Because plaintiff is proceeding *pro se*, we treat facts set out in [his opposition to the defendant's motion to dismiss] as *de facto* amendments to the complaint.").

The Clerk will be directed to docket copies of Carter's two Motions to Amend and his Response (*Docs. 6, 14 & 17*), together, as his "First Amended Complaint." Because Carter's First Amended Complaint fully incorporates the allegations from his original Complaint, it supersedes his original Complaint. *See In re Atlas Van Lines, Inc.,* 209 F.3d 1064, 1067 (8th Cir. 2000).

Finally, Carter's "Motions for Judgment on the Pleadings" (*Docs. 23 & 24)* merely request a ruling on the pending matters in the case. Those Motions are GRANTED. The Court has addressed all pending matters through this Order and the Partial Recommended Disposition entered separately today.

IT IS THEREFORE ORDERED THAT:

1. Carter's Motions to Amend (*Docs. 6 & 14)* are GRANTED.

2. Carter's Response (*Doc. 17*) to Defendant Huddleston's Motions to Dismiss is construed as a Motion to Amend and is also GRANTED.

3. The Clerk is directed to docket copies of Carter's two Motions to Amend and his Response (*Docs. 6, 14 & 17*), together, as his "First Amended Complaint."

4. Carter's Motions for a ruling (*Docs. 23 & 24*) are GRANTED.

5. The Clerk is directed to prepare a summons for Defendant Loman Johnson. The United States Marshal is directed to serve a copy of Carter's First Amended Complaint, the Court's Partial Recommended Disposition entered separately today, and this Order, on Johnson without prepayment of fees and costs or security therefor.

IT IS SO ORDERED this 18th day of July, 2019.

*/s/ J. Thomas Ray*
_____
UNITED STATES MAGISTRATE JUDGE